IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL ERIC PRESLEY,

    Petitioner,

v.

UNITED STATES OF AMERICA,
and LANE COUNTY SHERIFF
c/o F.O.O.P.,

    Respondents.

Civil No. 6:14-cv-00324-AC

FINDINGS AND RECOMMENDATION

PAUL ERIC PRESLEY
37116-086
c/o Lane County Community
Corrections Center
75 W. 5th Avenue
Eugene, OR 97401

    Petitioner *Pro Se*

S. AMANDA MARSHALL
United States Attorney
NATALIE K. WIGHT
Assistant United States Attorney
1000 SW Third Avenue
Suite 600
Portland, OR 97204

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2241 *pro se*. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be DENIED.

## BACKGROUND

On July 8, 2009, a Judgment of Conviction was entered against Petitioner in the United States District Court for the Western District of Washington upon pleading guilty to one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(A)(a)(5)(A) and 2256; and failure to appear in violation 18 U.S.C. § 3146(a)(1). Petitioner was sentenced to 78 months of imprisonment, with 20 years of supervised release.

Petitioner did not file a direct appeal of his criminal convictions. On August 24, 2012, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the Western District of Washington. Petitioner's Motion to Vacate included claims of ineffective assistance of counsel, actual innocence, vindictive prosecution, invalid indictment, conspiracy, and various due process violations. As to his actual innocence claim, Petitioner argued his pornographic images did not cross state lines and the images did not travel "knowingly" in "commerce."

On August 14, 2013, District Judge Benjamin Settle denied Petitioner's Motion to Vacate. Judge Settle found the § 2255 motion was untimely, and that Petitioner failed to produce evidence of actual innocence to excuse the untimeliness. Specifically, Judge Settle stated:

> [Petitioner] offers no explanation as to why he did not file this claim years ago. Nor does he offer any evidence, new or otherwise, that would persuade the Court that it should not have confidence in the providency of his plea and therefore the validity of his conviction. Conversely, there is compelling and unrebutted evidence of guilt, including clear and unmistakable evidence that [Petitioner] not only possessed

2 - FINDINGS AND RECOMMENDATION -

> images of child pornography but that at least some of these images had been produced outside the state of Washington.
>
> \* \* \*
>
> Further, in [Petitioner's] plea agreement, he admitted that he possessed images that had traveled through interstate commerce. Specifically, [Petitioner] admits:
>
>> Many of these images and movie files showed minors under the age of 12. Many of these images and movie files were produced outside the State of Washington, and many of these images and [sic] had been mailed, shipped or transported in interstate commerce by computer or by other means.

Resp. Exh. 6, p. 5. The judge denied a certificate of appealability, as did the Ninth Circuit Court of Appeals.

On June 11, 2013, Petitioner filed a successive § 2255 motion to vacate. On August 27, 2013, Judge Settle referred the motion to vacate to the Ninth Circuit for consideration. On October 21, 2013, the Ninth Circuit denied the request for Petitioner to file a second or successive § 2255 motion. On October 25, 2013, Judge Settle denied the successive motion to vacate, finding it raised "essentially the same jurisdiction issue that was raised in his prior motion to vacate, set aside, or correct his sentence," which the court had previously denied. Petitioner appealed, and on May 30, 2014, the Ninth Circuit summarily affirmed the order of dismissal. *Presley v. United States*, Appeal No. 13-36059, Dkt. No. 10 (9th Cir., May 30, 2014).

On February 26, 2014, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court. Petitioner alleges claims of actual innocence, invalid indictment, ineffective assistance of counsel, and violation of due process. Respondent argues the Petition should be denied for lack of jurisdiction.

3 - FINDINGS AND RECOMMENDATION -

## DISCUSSION

A federal inmate may challenge his sentence under 28 U.S.C. § 2241 or 28 U.S.C. § 2255. A § 2241 petition generally challenges the execution of a sentence such as the "manner, location, or condition" of confinement. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Under 28 U.S.C. § 2255, a federal inmate "may move the court which imposed the sentence to vacate, set aside or correct the sentence," *i.e*, challenge the imposition of the sentence.

Generally, motions to contest the legality of a sentence must be filed under § 2255. *Hernandez*, 204 F.3d at 864. The exception to this rule arises when § 2255 is held to be "inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255(e); *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir.), *cert. denied*, 555 U.S. 911 (2008). This exception is known as the "escape hatch" or the "savings clause" provision under § 2255, and allows the inmate to challenge the imposition of his sentence under § 2241. *Hernandez*, 204 F.3d at 864 n. 2.

The reviewing court must first conduct an analysis of whether a § 2241 escape hatch petition has been properly filed by determining whether the petitioner has established: 1) that he is "actually innocent," and 2) that he has not had an "unobstructed procedural shot" at presenting his claims to the sentencing court. *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir.) (citing *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)), *cert. denied*, 133 S.Ct. 292 (2012). Unless a petitioner can meet these two requirements for § 2241 "escape hatch" jurisdiction, he must challenge the legality of his conviction or sentence through a § 2255 motion in the sentencing court.

I.     **Actual Innocence**

In the Ninth Circuit, the "actual innocence" analysis of the § 2255 "escape hatch" analysis requires a petitioner to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Muth*, 676 F.3d at 819, 822 (citing *Stephens*, 464 F.3d at 898). "Actual innocence" means "factual innocence, not mere legal insufficiency." *Muth*, 676 F.3d at 819, 822 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)); *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (pure legal claims do not create a cognizable actual innocence claim for the purposes of qualifying under the § 2255 escape hatch), *cert. denied*, 133 S.Ct. 1264 (2013).

Petitioner argues he is actually innocent because he did not have knowledge that the pornographic images found on his computer had been "in commerce" (had crossed state lines) as required by 18 U.S.C. § 2252A. Petitioner's "actual innocence" claim is based entirely on the alleged legal insufficiency of the evidence and the alleged inadequacy of his legal representation. Petitioner has not alleged any new facts or presented any evidence to establish that he is "actually innocent" of the child pornography charges, or that in light of all of the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.

Moreover, in evaluating an actual innocence claim, "the district court is not bound by the rules of admissibility that would govern at trial. Instead the emphasis on 'actual innocence' allows the reviewing tribunal to consider the probative force of relevant evidence that was either excluded or unavailable at trial." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995). In his Plea Agreement, Petitioner admitted to the fact that "many of these images and movie files were produced outside

the State of Washington, and many of these images had been mailed, shipped, or transported in interstate commerce by computer or other means." Resp. Exh. 10, p. 6. Given the facts admitted in Petitioner's plea agreement, Petitioner has no credible argument that he is factually innocent.

## II.  Section 2255 as Inadequate or Ineffective

Even if Petitioner could make an arguable showing of actual innocence, he has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention. The remedy under § 2255 is not ineffective or inadequate just because a prior § 2255 motion was denied, or because a successive petition is procedurally barred. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).

Here, the sentencing court's denial of Petitioner's first § 2255 motion to vacate as time-barred and without merit, and the subsequent denial of his second § 2255 motion after the Ninth Circuit refused to grant permission to file a successive § 2255 motion to vacate, are precisely the type of procedural bars that are insufficient to establish ineffective or inadequate § 2255 process for the purpose of the "escape hatch." *Id.*; *see also Moore v. Reno*, 185 F.3d 1054 (9th Cir. 1999) (a defendant's inability to obtain relief under § 2255 does not render that remedy either inadequate or ineffective), *cert. denied*, 528 U.S. 1178 (2000); *Hill v. Morrison*, 349 F.3d 1089 (8th Cir. 2013) (a § 2255 motion is not "inadequate or ineffective" merely because "1) § 2255 relief has already been denied, 2) [the] petitioner has been denied permission to file a second or successive § 2255 motion, 3) a second or successive § 2255 motion has been dismissed, or 4) [the] petitioner has allowed the one year statute of limitations and/or grace period to expire") (citations omitted).

Petitioner argued the claims alleged in the current § 2241 habeas petition to the sentencing court in not one, but two prior § 2255 motions to vacate. The denial of relief for procedural reasons and on the merits of Petitioner's claims did not render the § 2255 remedy ineffective or inadequate. Accordingly, this Court lacks jurisdiction to consider Petitioner's challenge under the "escape clause," and his § 2241 petition for writ of habeas must be denied.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus (#1) should be DENIED and a judgment of DISMISSAL should be entered.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due August 12, 2014. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 29th day of July, 2014.

John V. Acosta
United States Magistrate Judge